IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RENAY CAPATOLLA,                         )
                                         )
            Plaintiff,                   )
                                         )
    -vs-                                 )          Civil Action No.  20-1040
                                         )
KILOLO KIJAKAZI,[1]                      )
COMMISSIONER OF SOCIAL SECURITY,         )
                                         )
            Defendant.                   )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 18 and 20).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 19, 21 and 25).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 18) and granting Defendant's Motion for Summary Judgment. (ECF No. 20).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act.  Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on March 18, 2019. (ECF No. 14-2, pp. 37-63).  An impartial vocational expert, David Anthony Zak, also appeared and testified at the hearing.  *Id.*  On June 12, 2019, the ALJ found that Plaintiff was not disabled under the Act.  (ECF No. 14-2, pp. 16-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 18 and 20). The issues are now ripe for review.

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

II.    **LEGAL ANALYSIS**

A.    **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.   20 C.F.R. §404.1520.   The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.   Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).   *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.   *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.      Conflicts between the Vocational Expert ("VE") Testimony and the Dictionary of Occupational Titles ("DOT")

At the fifth step of the sequential analysis, the ALJ concluded that, given Plaintiff's age, education, work experience, and residual functional capacity ("RFC"), there are jobs that exist in significant numbers in the national economy that she is able to perform, such as table worker, telephone quotation clerk, and cashier.   (ECF No. 14-2, pp. 28-29).   Plaintiff argues that the case should be remanded because: 1)  Two of the three jobs identified by the VE (table worker and telephone quotation clerk) do not exist in significant numbers in the national economy; and 2) There are apparent and unresolved conflicts between the VE's testimony and the information contained in the DOT as it relates to the other job identified by the VE (cashier).   (ECF No. 19, pp. 5-8).  I deal with the latter issue first as I believe it is a threshold issue.

To resolve the issue, I turn to SSR 00-4p for guidance on this matter.

Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully

develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

*See* SSR 00-4p, 2000 WL 1898704.

**Reasonable Explanations for Conflicts (or Apparent Conflicts) in Occupational Information**

Reasonable explanations for such conflicts, which may provide a basis for relying on the evidence from the VE or VS, rather than the DOT information, include, but are not limited to the following:

- Evidence from VEs or VSs can include information not listed in the DOT. The DOT contains information about most, but not all, occupations. The DOT's occupational definitions are the result of comprehensive studies of how similar jobs are performed in different workplaces. The term "occupation," as used in the DOT, refers to the collective description of those jobs. Each occupation represents numerous jobs. Information about a particular job's requirements or about occupations not listed in the DOT may be available in other reliable publications, information obtained directly from employers, or from a VE's or VS's experience in job placement or career counseling.

- The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT.

*Id.*

The Court of Appeals for the Third Circuit similarly requires an ALJ to address and resolve any material inconsistencies or conflicts between the vocational expert's testimony and the DOT descriptions. *Zirsnak v. Colvin*, 777 F.3d 607, 617 (3d Cir. 2014); *Boone v. Barnhart*, 353 F.3d 203, 206 (3d. Cir. 2004).  Where the DOT is silent on an issue, however, a conflict does not exist.  Moreover, this Circuit has emphasized that the presence of inconsistencies does not mandate remand, so long as substantial evidence exists in other portions of the record that can form an appropriate basis to support the result. *Rutherford v. Barnhart*, 399 F.3d 546, 556-57 (3d Cir. 2005).

In this case, Plaintiff argues that the cashier II job is a job of light exertion pursuant to the DOT but the ALJ's residual functional capacity ("RFC") was restricted to sedentary work, thereby creating an apparent conflict.  (ECF No. 19, pp. 7-8).  Plaintiff further asserts that because no explanation was given to cure or resolve this conflict, the case should be remanded. *Id.*   After a careful review, I disagree.

Contrary to Plaintiff's assertion otherwise, I find the testimony at the hearing provides substantial evidence to support the ALJ's finding.  To begin with, at the hearing, Plaintiff's counsel stipulated to the qualifications of the VE.  (ECF No. 14-2, p. 57).  The VE then answered a series of hypothetical questions by the ALJ.  The first question pertained to an individual limited to light work with certain restrictions.  (ECF No. 14-2, pp. 58-59).  In response, the VE testified that one of the jobs available that such an individual could perform included a cashier II job and that approximately 860,000 of those jobs existed in the national economy.  *Id.* at 59.  The third question[2] pertained to an individual with the same restrictions as the first hypothetical, but was limited to sedentary work.  *Id.* at 60.   The VE responded that the "cashier II position would remain the same; however, the numbers would be reduced to approximately…30,000 in the national economy."[3]   *Id.*   After all of the hypothetical questions were answered, the ALJ asked the VE if his testimony was consistent with the DOT and the VE responded that it was and further stated his opinions were based on his experience as a vocational rehabilitation counselor.  *Id.* at 61-62.   Then, after Plaintiff's counsel declined an opportunity to ask any questions of the VE, the hearing ended.  *Id.* at 62.

While the cashier II job is first identified as a job available at the light work level, based on his experience and expertise, the VE found that same job is available at the sedentary work level too, but only after reducing the number of available jobs in the national economy drastically

---

[2] The second question pertained to an individual limited to light work with the same restrictions and included an additional restriction regarding the use of the left arm.  (ECF No. 14-2, pp. 59-60).

[3] The VE also identified two other sedentary jobs: table worker and telephone quotation clerk.  *Id.* at 60-61.

from 830,000 job to 30,000 job.  Given the hypothetical questions, there is no doubt that the reduction in the number of jobs was to accommodate the lower exertional level thereby resolving any potential conflict.  *See, Sargent v. Comm'er of Soc. Sec.,* No. 11-3699, 476 Fed.Appx. 977, 10012 WL 1327831 (3d Cir. Apr. 18, 2012)("The vocational expert's numbers confirm that he accounted for the difference between 'medium ' in question 1 and 'sedentary' in question 3.").[4]   The VE provided specific information about each hypothetical based on his experience and expertise.  The ALJ's reliance upon this evidence was reasonable. As noted above, evidence from a VE can include information not listed in the DOT.   SSR 00-4p.  Thus, I find any potential conflict was adequately resolved and the ALJ was entitled to rely upon the VE's testimony. Therefore, I find that remand is not required on this issue.[5]

As a final matter, it bears emphasizing that today's decision is not intended to suggest that an ALJ must follow any particular format when discharging his duties under SSR 00-4p. I neither adopt nor suggest any bright line rules. Instead, today's decision reflects the applicable standards of review, a case-by-case approach, and the status of the particular record before this Court.

An appropriate order shall follow.

---

[4] Plaintiff attempts to distinguish *Sargent* from the facts of this case in his Reply Brief.  (ECF No. 25, pp. 2-5).  I have considered the same and find Plaintiff's argument unpersuasive.

[5] I need not consider the remaining issue, that the other two jobs cited by the VE do not exist in significant numbers in the national economy, as it is now moot given the significant number of cashier II  jobs available.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RENAY CAPATOLLA,                         )
                                         )
            Plaintiff,                   )
                                         )
    -vs-                                 )        Civil Action No.  20-1040
                                         )
KILOLO KIJAKAZI,[6]                      )
COMMISSIONER OF SOCIAL SECURITY,         )
                                         )
            Defendant.                   )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 9th day of August, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 18) is denied and Defendant's Motion for Summary Judgment (ECF No. 20) is granted.

BY THE COURT:

_____
Donetta W. Ambrose
United States Senior District Judge

---

[6] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.